# In the United States Court of Federal Claims

No. 22-924C

(Filed April 28, 2023)

NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * *
                                  *
                                  *
FLORDELIZA A. HAWKINS,            *
                                  *
              Plaintiff,          *
                                  *
   v.                             *
                                  *
THE UNITED STATES,                *
                                  *
              Defendant.          *
                                  *
* * * * * * * * * * * * * * * * * *
```

## ORDER

This is the fifth case filed in our court by *pro se* plaintiff Flordeliza A. Hawkins, seeking relief for the foreclosure upon her home by a private entity, and her eviction by state authorities. Her first case was dismissed as not within our jurisdiction because she failed to allege the formation of any contract with the federal government, failed to identify any federal participation in a taking of her property, and failed to identify any other money-mandating constitutional provision, law or regulation that was purportedly violated by the federal government. *Hawkins v. United States*, No. 18-78L, 2018 WL 3214048, at *5–8 (Fed. Cl. June 29, 2018). When Mrs. Hawkins appealed the matter to the Federal Circuit, the Circuit affirmed the dismissal, finding our court lacked jurisdiction over her claim that constitutional rights were violated. *Hawkins v. United States*, 748 F. App'x 325, 326–27 (Fed. Cir. 2019).

Nine months after the Federal Circuit upheld dismissal of her first case, Mrs. Hawkins filed her second complaint---which initially focused on the actions of private or state and local government parties but, upon amendment, broadened the list of alleged violations of the U.S. Constitution and federal law by the federal government. *See Hawkins v. United States*, No. 19-1672C, 2021 WL 4480876, at *1–3 (Fed. Cl. Sept. 30, 2021). That case was dismissed as not within our jurisdiction, as we cannot entertain claims against parties other than the United States and Mrs. Hawkins failed to identify any alleged federal action in violation of

a money-mandating provision of law or in breach of any contract with the federal government. *Id.* at *5–7. Upon appeal, the Federal Circuit once again affirmed the dismissal. *See Hawkins v. United States*, No. 2022-1096, 2022 WL 3584676, at *1–2 (Fed. Cir. Aug. 22, 2022).

While her second case was pending in this court, Mrs. Hawkins filed a third complaint, reiterating the claims of the second and adding a request to be relieved from the United States Supreme Court's decision denying review of a case she had filed against the bank which foreclosed upon her property and against the state and local government entities. *See Hawkins v. United States*, No. 19-1794C, 2021 WL 4494473, at *1 (Fed. Cl. Sept. 30, 2021). This was dismissed as outside our jurisdiction, for the reasons given in her earlier cases and because we cannot review decisions of the Supreme Court. *Id.* at *1–2. This decision was not appealed by Mrs. Hawkins.

The fourth case was filed the same day as the above-captioned case, and initially focused on a dispute over veterans' benefits. *See* Compl., *Hawkins v. United States*, No. 22-922C (Fed. Cl. Aug. 16, 2022). After Mrs. Hawkins was ordered to file a more legible amended complaint, she apparently filed a pleading seeking review of the Federal Circuit decision affirming the dismissal of her second case. *See Hawkins v. United States*, 162 Fed. Cl. 617, 617–18 (2022). Our court dismissed her fourth case, as outside our jurisdiction. *Id.* at 618. This decision was not appealed.

In this fifth case brought by Mrs. Hawkins, she claims she was the prevailing party in the two appeals decided by the Federal Circuit, and requests damages and the return of her South Carolina home. Compl. at 1–3. The government has moved to dismiss the case, under Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC), as Mrs. Hawkins was the losing party in all her prior cases, and the question of jurisdiction over her claims has been conclusively litigated. Def.'s Mot. to Dismiss at 5–8. In her response, Mrs. Hawkins reiterates her misunderstanding of the result of her appeals, and repeats her prior allegations that the Fourth, Seventh, and Fourteenth Amendments were violated and that the Department of Housing and Urban Development was somehow responsible. Pl.'s Resp., ECF No. 12 at 5–8.

The motion to dismiss this case is **GRANTED**. The Federal Circuit decisions, in Docket Nos. 2018-2210 and 2022-1096, upheld our court's dismissal of Mrs. Hawkins's claims---what was affirmed was not her claims, but this Court's decisions that the claims were not in our jurisdiction. *See Hawkins*, 2022 WL 3584676, at *1–2; *Hawkins*, 748 F. App'x 326–27. Plaintiff is mistaken as a matter of law, as our court cannot base relief upon decisions of the Federal Circuit that our court lacks jurisdiction over a matter. Nor do we possess jurisdiction to review decisions of the Federal Circuit or, indeed, any other federal court. *See Joshua v.*

*United States*, 17 F.3d 378, 380 (Fed. Cir. 1994); *Earl v. United States*, 787 F. App'x 751, 752 (Fed. Cir. 2019). To the extent Mrs. Hawkins is merely repeating her rejected theories concerning federal government liability, these claims are foreclosed under *res judicata* principles, *see Ammex, Inc. v. United States*, 334 F.3d 1052, 1055 (Fed. Cir. 2003) (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979)), as she has articulated no cure of the previously explained jurisdictional defects, *see Lea v. United States*, 126 Fed. Cl. 203, 213 (2016); *Lowe v. United States*, 79 Fed. Cl. 218, 229–30 (2007). Moreover, the foreclosure and eviction took place in 2013, *see* Pl.'s Resp. at 7, and thus Mrs. Hawkins's complaint was filed after the six-year limitations period had expired. *See* 28 U.S.C. § 2501.

For the reasons stated above, defendant's motion to dismiss this case for lack of subject-matter jurisdiction, under RCFC 12(b)(1), is **GRANTED**. This simply is not a matter for our court. The Clerk shall close the case.†

IT IS SO ORDERED.

_____
VICTOR J. WOLSKI
Senior Judge

---

† Plaintiff's application for leave to proceed *in forma pauperis*, ECF No. 2, is **GRANTED**, and thus Mrs. Hawkins is relieved of the obligation to pay filing fees.